UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARY S. VIGIL,

    Plaintiff,

vs.                                                                                                          CIV # 97-1159 BB/RLP

EL PASO NATURAL GAS COMPANY,
a foreign corporation,

    Defendant.

### MEMORANDUM OPINION

On the plaintiff's Title VII and state law claims, the defendant filed a motion to dismiss or for summary judgment, arguing that under the common law "tender-back" doctrine of contract law, the plaintiff's suit was procedurally barred and, alternatively, that under the ratification doctrine, the plaintiff's failure to "tender-back" her severance pay amounted to ratification of her release. The Court concludes that the defendant's motion to dismiss or for summary judgment should be denied.

### FACTS

Mary S. Vigil ("Ms. Vigil"), the plaintiff, a Hispanic woman, began working with El Paso Natural Gas Company ("El Paso"), the defendant, in April of 1978. After approximately 17 years of employment, in August of 1995, Ms. Vigil was allegedly sexually harassed by a male co-worker. The alleged harassment consisted of both unwelcome sexual remarks and physical touching. Ms. Vigil claims she reported the harassment to supervisors, who allegedly retaliated by informing co-workers of her complaint. These co-workers in turn ridiculed, threatened, and harassed Ms. Vigil. When she reported this retaliation, Ms. Vigil's supervisors verbally reprimanded her. Shortly thereafter, Ms. Vigil was allegedly placed on 90-day probation without cause, which was later extended for an additional 90 days without justification.

Ms. Vigil claims that following this probationary period, on March 31, 1996, El Paso terminated her due to a reduction in the workforce ("RIF"), informing her that her job position was being eliminated. El Paso, on the other hand, alleges that although there was, indeed, an involuntary RIF in early 1996, Ms. Vigil was terminated because she received productivity, communication, and individual skill rankings that were among the lowest received by El Paso employees. Based on the alleged representations that her position had been eliminated, Ms. Vigil signed a separation agreement ("agreement"), also known as a waiver or release, on April 30, 1996, received one year's severance pay of $20, 623.68, and released El Paso from all liabilities whatsoever arising from or related to her employment. However, shortly after signing the agreement, Ms. Vigil discovered not only that her job had not been eliminated, but that she had been replaced by an Anglo with less experience and length of service with El Paso. Ms. Vigil claims that she only signed the agreement under the fraudulent misrepresentation that her job position was being eliminated. A few weeks after learning of the alleged fraudulent misrepresentation, Ms. Vigil filed a complaint with the Equal Employment Opportunity Commission on July 5, 1996. Ms. Vigil has failed to return or offer to return her severance pay prior to the commencement of this action or at any time since that point. However, Ms. Vigil maintains that she has been unable to "tender-back" her severance pay due to her financial situation. Ms. Vigil has indicated that she is willing to offset her severance pay from any judgment awarded by this court.

## **LEGAL STANDARDS**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-250 (1989). The facts alleged must be read in the light most favorable to the plaintiff and accepted as true. Id. at 249.

A motion for summary judgment may be granted only when "there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In applying this standard, we examine "the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Abercrombie v. City of Catoosa, 896 F.2d 1228, 1230 (10th Cir. 1990). Although the material submitted by the parties in support of and in opposition to the motion must be construed liberally in favor of the party opposing the motion, Harsha v. United States, 590 F.2d 884, 887 (10th Cir. 1979), the burden on the moving party may be discharged by demonstration to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 325. "In such a situation, the moving party is entitled to judgment as a matter of law 'because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" Rangel v. El Paso Natural Gas Co., 996 F.Supp. 1093, 1095 (D.N.M. 1998) (quoting Celotex, 477 U.S. at 322).

## ANALYSIS

This motion effectively comes before the Court on an action by Ms. Vigil for rescission of the agreement with El Paso, in that Ms. Vigil is, in effect, attempting to avoid performance under the terms of an allegedly voidable agreement. That is, if the severance agreement remains valid, Ms. Vigil is contractually barred from bringing this action; therefore, she must first obtain rescission of that agreement. El Paso argues that the Court should grant its motion to dismiss, on the grounds that the action for rescission is precluded under the common law of contracts, because Ms. Vigil has failed to return the consideration paid for the contract prior to the

commencement of this action.  Alternatively, El Paso argues that its motion for summary judgment should be granted on the grounds that Ms. Vigil's failure to return her severance pay, in light of her allegations of fraud, amounted to a ratification of the agreement, thus relieving El Paso of all liabilities covered by the agreement.

The decision on both aspects of this motion hinges on the applicability of the "tender-back" doctrine of contract law.  The "tender-back" doctrine dictates that, in order to rescind a contract, the party who received consideration for the contract must return, or "tender-back," such consideration, both prior to bringing an action concerning the validity of the contract and, alternatively, upon learning of the agreement's voidability, in order to avoid ratification of such contract.  This common law doctrine has been the source of considerable debate amongst the Circuits and the states, with no generalized consensus as to the applicability of the doctrine in modern times.  The Supreme Court has held that such remedial statutes as the Federal Employer Liability Act ("FELA"), 45 U.S.C. § 51 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., provide statutory nullification of the common law "tender-back" doctrine.  *See* Hogue v. Southern Railway. Co., 390 U.S. 516 (1968) ("tender-back" not required under FELA); *see also* Oubre v. Entergy Operations, Inc., 118 S.Ct. 838 (1998) ("tender-back" not required under the ADEA).  Thus, under both FELA and the ADEA, the "tender-back" doctrine no longer applies.  However, the Supreme Court has yet to rule directly on the issue of whether the "tender-back" doctrine is applicable under Title VII.

This Court holds that the "tender-back" doctrine is inapplicable under Title VII for a number of reasons.   Following the decision in Oubre, *supra*, in a case factually almost identical to the case at bar, Judge Parker decided the very issue before this court in Rangel v. El Paso Natural Gas Co., 996 F.Supp. 1093 (D.N.M. 1998).  In Rangel, after making allegations of racial discrimination, and upon notification of a RIF and the elimination of his position, the employee was discharged.  Based upon the employer's representations, the employee signed a separation

4

agreement, received one year's severance pay, and released the employer from any potential liability.  The employee later learned that, in fact, his position had not been eliminated, so he filed suit under Title VII.  The employer argued that liability was precluded due to the employee's failure to tender back his severance pay and, furthermore, that the retention of such severance pay amounted to a ratification of the separation agreement.  In a well-reasoned decision, Judge Parker held that the parallels between the legislative intent, judicial precedents, and policy concerns of Title VII and the ADEA mandated the conclusion that the "tender-back" doctrine is not applicable to Title VII.  Id.

The Court finds no reason to depart from Judge Parker's decision in Rangel as clear and convincing authority in the District of New Mexico.  The virtually identical legislative intent of Title VII and the ADEA supports the conclusion that the "tender-back" doctrine does not apply under Title VII.  Furthermore, the current legal trend of the applicability of the "tender-back" doctrine, evinced through the holdings of the Supreme Court, the Tenth Circuit, the District of New Mexico, and the Supreme Court of New Mexico strengthens the conclusion that the "tender-back" doctrine does not apply under Title VII.  Judge Parker's decision in Rangel is not only persuasive, but factually and legally on point, and the Court sees no reason not to follow it.

In addition, the Court adopts the reasoning of Rangel with respect to the New Mexico state law claims, and will not apply the "tender-back" doctrine to those claims.  Indeed, this Court is even more confident that the New Mexico Supreme Court would not require "tender back" as a condition precedent to advancing the state-law claims.  See Register v. Roberson Construction Co., Inc., 106 N.M. 243, 246, 741 P.2d 1364, 1367 (1987); Woods v. City of Hobbs, 75 N.M. 588, 591, 408 P.2d 508, 511 (1965).  Therefore, the Court finds that the "tender-back" doctrine is inapplicable under both Title VII and the state law claims.

Finally, there are genuine issues of material fact in this case concerning the question of ratification, given the circumstances surrounding Ms. Vigil's failure to "tender back" her severance pay, her financial position, and her subsequent complaint to the EEOC. Summary Judgment is therefore precluded on that issue as well.

An Order in accordance with this Memorandum Opinion will issue.

                                                              _____
                                                              **BRUCE D. BLACK**
                                                              **UNITED STATES DISTRICT JUDGE**